IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SLAWOMIR WALASZEK,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　No. 13-CV-00045 MV/CG

BRASWELL MOTOR CARRIERS, INC.
and RAMON GARCIA,

    Defendants.

**FIRST AMENDED COMPLAINT TO RECOVER DAMAGES
FOR PERSONAL INJURY
(JURY TRIAL DEMANDED)**

For his complaint against the defendants, plaintiff makes the following averments:

1.    Plaintiff brings this action seeking damages for personal injury caused by a heavy truck crash on February 3, 2011 in Luna County, New Mexico.

**PARTIES AND JURISDICTION**

2.    Plaintiff Slawomir Walaszek is a citizen and resident of the State of Illinois.

3.    Upon information and belief, defendant Braswell Motor Carriers, Inc. is a California corporation incorporated under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada

4.    Upon information and belief, defendant Ramon Garcia (hereinafter "Garcia") is a citizen and resident of the State of California.

5.    There is complete diversity of citizenship between the plaintiff and the defendants.

6.	At all material times, Braswell Motor Carriers, Inc. (hereinafter "Braswell, Inc.") was a motor carrier that engaged in the business of interstate transportation of material and goods through the State of New Mexico.  As such, Braswell, Inc. engaged in the transaction of business within the State of New Mexico.  Both defendants committed tortious acts in the State of New Mexico.

7.	The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. §1332.  Jurisdiction over the parties is appropriate pursuant to 28 U.S.C. §1332 and venue is proper in this Court.

### FACTS OF THE CRASH

8.	Upon information and belief, defendant Garcia was, at all material times, a resident of California and an employee and/or agent and/or statutory agent or statutory employee of defendant Braswell, Inc. and was acting within the course and scope of such employment, agency and/or statutory agency.

9.	At approximately 3:00 a.m. on February 3, 2011, defendant Garcia was driving a tractor trailer owned or operated by defendant Braswell, Inc. eastbound on Interstate 10 in Luna County, New Mexico approximately 265 feet east of mile marker 64.4.

10.	The tractor trailer driven by defendant Garcia was a commercial motor vehicle.

11.	For reasons unknown to plaintiff, but which are alleged to have been negligent or negligent *per se*, or both, defendant Garcia stopped that tractor trailer in the right hand travel lane of Interstate 10.

12. Defendant Garcia failed to use adequate warning devices to warn other vehicles that he had stopped in the dark roadway.

13. Plaintiff crashed his tractor trailer into the rear of defendants' tractor trailer.

14. Plaintiff Slawomir Walaszek suffered serious injuries in the crash.

## COUNT I

## NEGLIGENCE

15. Plaintiff hereby realleges and incorporates herein the allegations set forth in the foregoing paragraphs.

16. Defendants owed a duty of care to maintain and to operate their commercial motor vehicle in a safe manner and in compliance with all safety rules, including statutes, rules and regulations governing the operation and maintenance of vehicles, including tractor trailers, upon New Mexico and interstate roadways.

17. Defendants had a duty to maintain and operate the tractor trailer so that it was safe to operate on public roads.

18. Defendants had a duty to retain records of the operation and maintenance of the tractor trailer involved in the crash.

19. Defendants had a duty to use hazard lights, triangles and other warning devices when appropriate in the operation of their tractor trailer.

20. Defendants breached their duty of care by maintaining and operating their vehicles in a manner that was negligent or negligent *per se*, or both, prior to the crash involving plaintiff's vehicle, including but not limited to:

  a.  Stopping on the roadway;

  b.  Failing to engage and use hazard lights and other warning devices;

  c.  Failure to exercise due care in the maintenance of the vehicle;

  d.  Failure to operate the vehicle in a safe and reasonable manner;

  e.  Failure to make sure that the driver was knowledgeable and skilled in night driving, emergency maneuvers and vehicle inspections.

21. The negligence of defendants caused plaintiff to crash into defendants' tractor-trailer.

22. As a direct, proximate, and foreseeable result of the negligence of the defendants, plaintiff sustained physical injuries and has sustained, and will in the future endure pain, suffering, emotional distress, reduced enjoyment of life, curtailment of his social and physical activities and his ability to interact socially; and he incurred the reasonable expense and will in the future incur further reasonable expense of necessary medical treatment.

23. The negligence of defendants was a proximate cause of plaintiff's injuries and damages.

24. Defendant Garcia is liable for his own negligence.  Defendant Braswell, Inc. is liable for the negligent conduct of its driver, Ramon Garcia, by operation of common law and by operation of Federal Motor Carrier statutes and regulations and for its own negligence.

25. Upon information and belief, the defendants knew that their tractor trailer was defective and unsafe.  Their conduct in driving the tractor trailer on Interstate 10 in the dark was willful, reckless or wanton, justifying an award of punitive damages.

26.     Defendant Garcia was acting in the scope of his employment or agency by defendant Braswell, Inc. and had sufficient discretionary authority to act for defendant Braswell, Inc. with regard to the operation of the defendants' tractor trailer.

## COUNT II

### SAFETY VIOLATIONS, NEGLIGENT OPERATIONS AND AIDING AND ABETTING

27.     Plaintiff hereby realleges and incorporates herein the allegations set forth in the foregoing paragraphs.

28.     Defendant Braswell, Inc. was an owner/operator of the tractor and trailer involved in the collision described in this complaint.

29.     Defendants had non-delegable duties to maintain and operate the vehicle involved in the collision in conformance with applicable safety rules, including Federal Motor Carrier Safety Act ("FMCSA") regulations, and in such a way as to not harm the public.

30.     Defendant Braswell, Inc. had a duty to make sure its drivers, including defendant Garcia, were qualified to operate safely its tractor trailers in such a way as to not harm the public.

31.     Defendant Braswell, Inc. had a duty to train its drivers, including defendant Garcia, to operate safely its tractor trailers in such a way as to not harm the public.

32.     Defendant Braswell, Inc. had a duty to supervise its drivers, including defendant Garcia, to make sure its tractor trailers are operated in such a way as to not harm the public.

33. Defendant Braswell, Inc. had a duty to require defendant Garcia to comply with federal safety rules.

34. Defendants each had a duty to comply with all of the applicable safety rules, including FMCSA regulations pertaining to the hiring of drivers, operation of trucks, maintenance of trucks, and other activities on interstate highways.

35. Defendants either singly or acting in concert violated some or all of the duties alleged above.

36. Upon information and belief, defendant Garcia aided and abetted defendant Braswell, Inc. in violating some or all of the duties alleged above.

37. Upon information and belief, defendant Braswell, Inc. aided and abetted defendant Garcia in violating some or all of the duties alleged above.

38. The violations of their duties by defendants Braswell, Inc. and Ramon Garcia were negligent and were negligent *per se*.

39. The negligence and negligence *per se* of defendants were a proximate cause of the accident described in this complaint and the damages to plaintiff.

40. The negligence and negligence *per se* of defendants involved the operation of a motor vehicle upon the highways of this state, the transaction of business within this state, and the commission of tortious acts that concluded in this state and caused damage in this state.

41. As a direct, proximate, and foreseeable result of the negligence of the defendants, plaintiff Slawomir Walaszek sustained physical injuries, and has sustained and will in the future endure pain, suffering, emotional distress, reduced enjoyment of life, the curtailment of his social and physical activities, and his ability to interact

socially; he has lost and will continue to lose income or earning capacity; and he has incurred reasonable and necessary medical expenses and will in the future incur further reasonable and necessary medical expenses and is entitled to all damages allowed under New Mexico law.

WHEREFORE, plaintiff prays for the following relief:

    A.    For judgment in his favor and against the defendants in amounts to be proved at trial as allowed by New Mexico law, together with prejudgment interest and costs;

    B.    For punitive damages for the limited purpose of punishment and to deter others from like behavior;

    C.    For such other and further relief that the Court deems just and proper;

    D.    Trial by jury is respectfully requested.

                Respectfully submitted,

                BARBER & BORG, LLC

                By __/s/ Paul D. Barber_____
                    Paul D. Barber
                    P.O. Box 30745
                    Albuquerque, NM  87190
                    (505) 884-0004
                    Attorneys for Plaintiff

I hereby certify that on the 10th day of May, 2013, the foregoing document was filed electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing to: aglasser@travelers.com